Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| IRASARI LAZAZZARO,<br><br>         Plaintiff,<br><br>   vs.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware Corporation, dba JW Marriot Las Vegas Resort & Spa,<br><br>         Defendant. | CASE NO.<br><br>COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON:<br><br>DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE AND RETAILIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT<br><br>JURY DEMAND |

Plaintiff IRASARI LAZAZZARO ("Plaintiff" or "Lazazzaro") alleges as follows:

1.     This action is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (hereinafter "ADA").  Jurisdiction is predicated under this code section as well as 28 U.S.C. § 1331 as this action involves a federal question.

2.     At all relevant times, Defendant MARRIOTT INTERNATIONAL, INC., a Delaware Corporation, dba JW Marriott Las Vegas Resort & Spa (hereinafter the "Marriott" or "Defendant") employed twenty (20) or more employees for each working day during each of 20 or

more calendar workweeks in the current or preceding calendar year, and they are therefore subject to the provisions of the ADA.

3.  The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

4.  Plaintiff, Lazazzaro, is a citizen of the United States and a resident of the State of Nevada, County of Clark and City of Las Vegas.

5.  Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by the Marriott. Defendant is an employer within the meaning of *42 USC §12111(5)(A).*

## EXHAUSTION OF REMEDIES

6.  Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on December 6, 2016, a copy of which is attached to Complaint as Exhibit "A".

## STATEMENT OF FACTS

7.  In April 2012 Plaintiff was hired by Defendant as a Pantry Cook. Prior to that time she had been employed since July 2007 with Rampart Casino in the same position (which is located in the JW Marriot Las Vegas Resort & Spa).

8.  On February 27, 2015 Lazazzaro was required to have bone fusion surgery on her right foot to remove part of the bone. This surgery was required to relieve the pain Plaintiff was experiencing from constantly being on her feet at work while performing her job as a Pantry Cook.

9.  After the surgery Plaintiff was put in a walking boot and told to stay off of her feet for three months while her foot healed.

10. In order to accommodate the time Lazazzaro needed off from work for her foot to properly heal, Plaintiff requested and was approved for Family Medical Leave ("FML") on

February 24, 2015.

11. On the FML paperwork her doctor completed on February 23, 2015 he estimated that Plaintiff would be unable to work from February 27, 2013 to May 27, 2015.

12. During the time she was off Lazazzaro called into the human resources department at Marriott about every three week to tell them about the progress of her recovery as was needed to continue to receive disability income for her time off.

13. During these calls Defendant never asked when she was going to come back to work so Plaintiff assumed that Marriott expected Lazazzaro back to work on May 27, 2015 as was indicated by her doctor in the FML paperwork.

14. Then about a week before she was released to go back to work Plaintiff called Marriott and asked what her schedule would be when she came back to work on May 27, 2015.

15. During the phone call she was told her employment was terminated effective May 18, 2015 because her FML had been exhausted and she did not contact Defendant as to when she would return to work. This was memorialized in a letter to Lazazzaro dated May 21, 2015.

## CAUSE OF ACTION

### (For Disability Discrimination and Failure to Accommodate in Violation of the ADA)

16. Plaintiff Lazazzaro incorporates the allegations set forth in paragraphs 1 through 15, inclusive, as if fully set forth herein.

17. As set forth hereinabove, On February 27, 2015 Lazazzaro was required to have bone fusion surgery on her right foot to remove part of the bone. This surgery was required to relieve the pain Plaintiff was experiencing from constantly being on her feet at work while performing her job as a Pantry Cook.

18. This physical impairment substantially limited her in the major life activities of standing, walking, squatting, climbing, lifting, sleeping and working, among other major life activities, and thus qualified Lazazzaro as disabled under the ADA.

3

19. Once Marriott determined Plaintiff was disabled under the ADA, they had a mandatory duty under the law to interact with Lazazzaro to find a reasonable accommodation.

20. Since it was determined by Plaintiff's doctor that she would not be able to return to her job until May 27, 2015 in order to give her right foot time to fully heal, Defendant had a duty under the law to extend Lazazzaro medical leave of absence [past what was allowed under the Family Medical Leave Act ("FMLA")] until she was able to return to her job unless it would result in an indefinite leave of absence or it would cause an undue hardship to Defendant.

21. Here there are not facts which would even remotely support that a short extension to Plaintiff's medical leave of absence would result in an indefinite leave of absence or cause an undue hardship to Marriott

22. As the facts above indicate Marriott decided to terminate Plaintiff's employment effective on May 18, 2015, just nine days before she was released back to work, full duty.

23. All Defendant had to do was interact with Lazazzaro by calling, emailing her, writing her, etc. to see why she did not return on May 15, 2015 like they thought she was going to. The duty to interact with an employee is mandatory under the ADA.

24. As indicated above the FML paperwork her doctor completed on February 23, 2015 estimated that Plaintiff would be unable to work from February 27, 2013 to May 27, 2015.

25. Further as indicated above, Plaintiff called into the human resources department about every three week to tell Marriott about the progress of her recovery.

26. Thus there is absolutely no reason for Defendant to have terminated Lazazzaro's employment effective May 18, 2015 for having exhausted her FML and not letting Marriott know about her status. The law is clear that an employer must look to the ADA in situations where an employee has exhausted their medical leave under the FMLA.

27. Thus because Marriott chose not to follow the existing law and instead chose to terminate Plaintiff's employment effective May 18, 2015, they are liable to Plaintiff for damages under the ADA.

4

28. As a direct, foreseeable, and legal result of the Defendant's disability discrimination and failure to accommodate Plaintiff's disability, Lazazzaro has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

29. As a further direct, foreseeable, and legal result of the Defendant's disability discrimination and failure to accommodate Plaintiff's disability, Lazazzaro has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

30. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

31. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

32. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of her claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lazazzaro demands judgment against Defendant as follows:

1. Declaring that the acts and practices complained of herein are a violation of the ADA;

2. Enjoining and permanently restraining the violations by Defendant of the ADA;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

5. For punitive damages;

6. For attorney's fees and costs in an amount determined by the court to be reasonable;

7. For pre-judgment interest on all damages; and

8. For any other and further relief that the Court considers proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED:  3/3/2017              LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
   Michael P. Balaban
   LAW OFFICES OF MICHAEL P. BALABAN
   10726 Del Rudini Street
   Las Vegas, NV  89141

# EXHIBIT "A"

# NOTICE OF RIGHT TO SUE

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

To: Irasari E. Lazarraro
5020 Elkin Creek Ave.
Las Vegas, NV 89131

From: Las Vegas Local Office
333 Las Vegas Blvd South
Suite-8112
Las Vegas, NV 89101

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2015-01184 | Byron D. Williams, Investigator | (702) 388-5095 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Richard T. Burgamy,
Local Office Director

DEC 0 6 2016
(Date Mailed)

Enclosures(s)

cc: Beverly Shields
HR Director
JW MARRIOTT
221 N. Rampart Blvd.
Las Vegas, NV 89145