UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IRASARI LAZAZZARO, | Case No. 2:17-CV-657 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| HOTSPUR RESORTS NEVADA, LTD., | |
| Defendant(s). | |

Presently before the court is defendant Marriott International, Inc.'s motion to dismiss. (ECF No. 11). Plaintiff Irasari Lazazzaro filed a response (ECF No. 15), to which defendant replied (ECF No. 17).

**I.    Facts**

The instant action involves allegations of disability discrimination and failure to accommodate in violation of the Americans with Disabilities Act (the "ADA").

In April 2012, defendant hired plaintiff as a pantry cook. (ECF No. 10 at 2). On February 27, 2015, plaintiff had bone fusion surgery on her right foot. (ECF No. 10 at 2). The doctor placed a walking boot on plaintiff's foot and instructed plaintiff to stay off her feet for three months. (ECF No. 10 at 2–3). Plaintiff requested a Family Medical Leave of Absence ("FMLA"), which defendant approved on February 24, 2015. (ECF No. 10 at 3).

Plaintiff alleges that her doctor completed family medical leave paperwork estimating that plaintiff would be unable to work until May 27, 2015. (ECF No. 10 at 3). Plaintiff further alleges that she called human resources every three weeks to report her recovery progress as required to continue receiving disability income. (ECF No. 10 at 3). Plaintiff alleges that defendant never

inquired about her return date during these calls. (ECF No. 10 at 3). As such, plaintiff "assumed that [defendant] expected [plaintiff] back to work on May 27, 2015." (ECF No. 10 at 3).

About a week before May 27, 2015, plaintiff called defendant asking for her schedule upon her return from medical leave. (ECF No. 10 at 3). Defendant informed plaintiff that her employment had been terminated effective May 18, 2015, because her family medical leave exhausted and plaintiff failed to contact defendant as to when she would return. (ECF No. 10 at 3). On May 21, 2015, defendant sent plaintiff a letter memorializing the conversation. (ECF No. 10 at 3).

On March 3, 2017, plaintiff filed the original complaint (ECF No. 1), which she subsequently amended on April 12, 2017 (ECF No. 6), and then again on May 31, 2017 (ECF No. 10). The second amended complaint alleges one cause of action against defendant for disability discrimination and failure to accommodate in violation of the ADA. (ECF No. 10).

In the instant motion, defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11).

## II. Legal Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.

James C. Mahan
U.S. District Judge

- 2 -

*Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

The ADA prohibits covered employers from discriminating against their employees on the basis of disability. 42 U.S.C. § 12112(a). "Discrimination" includes "an employer's 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified . . . employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business.'" *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 396 (2002) (alterations in original; emphasis omitted) (quoting § 12112(b)(5)(A)).

In the instant motion, defendant argues that the ADA does not require defendant to extend plaintiff's leave of absence and that an extended medical leave is not within the ADA's definition of a "reasonable accommodation." (ECF No. 11). Defendant asserts that "[r]easonable

accommodations under the ADA are all about enabling employees to work, not to not work." (ECF No. 11 at 4).

The court disagrees. *See, e.g.*, *Reza v. Int'l Game Tech.*, 351 F. App'x 188, 190 (9th Cir. 2009) ("Reza's December 2004 discussions with IGT resulted in a ***reasonable accommodation, an extension of Reza's medical leave***." (emphasis added)). "Reasonable accommodations are mechanisms to remove barriers or provide assistance to disabled individuals so that they can perform the 'essential functions' of employment positions." *Cripe v. City of San Jose*, 261 F.3d 877, 889 (9th Cir. 2001); *see also* 42 U.S.C. § 12111(9). "A leave of absence for medical treatment may be a reasonable accommodation under the ADA." *Humphrey*, 239 F.3d at 1135–36 (citing 29 C.F.R. 1630 app. § 1630.2(o)). The Ninth Circuit has held that "where a leave of absence would reasonably accommodate an employee's disability and permit him, upon his return, to perform the essential functions of the job, that employee is otherwise qualified under the ADA." *Id.* (citing *Nunes*, 164 F.3d at 1247).

Defendant further argues that dismissal of plaintiff's ADA claim is proper because plaintiff never requested an accommodation and because she was not terminated because of a disability, but rather for failure to return from medical leave, no call, no show. (ECF No. 11).

To establish a prima facie case for disability discrimination and failure to accommodate under the ADA, plaintiff must establish: (1) that she is a disabled person within the meaning of the ADA; (2) that she is qualified to perform the essential functions of her job with reasonable accommodation; and (3) that she suffered an adverse employment action because of her disability. *Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003); *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999).

A disability is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." 42 U.S.C. § 12102(1). Under the ADA, the definition of "disability" is construed in favor of broad coverage of individuals. *See* 42 U.S.C. § 12102(4)(A). "A qualified individual is 'an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1135 (9th

Cir. 2001) (quoting 42 U.S.C. § 12111(8)). Adverse actions for purposes of the ADA include termination and the failure to provide a reasonable accommodation. *See, e.g.*, *EEOC v. UPS Supply Chain Sols.*, 620 F.3d 1103, 1110 (9th Cir. 2010).

In her second amended complaint, plaintiff asserts that she qualified as disabled under the ADA because the pain in her foot constituted a physical impairment, which substantially limited her major life activities. (ECF No. 10 at 3–4). Plaintiff alleges that she was experiencing pain in her foot from constantly being on her feet at work and that the foot surgery was required to relieve the pain. (ECF No. 10 at 3–4). Plaintiff alleges that because she was disabled within the meaning of the ADA, defendant had a duty to work with her to find a reasonable accommodation. (ECF No. 10).

Plaintiff asserts that defendant violated its mandatory duty to interact with her to find a reasonable accommodation upon determining she was disabled under the ADA. (ECF No. 10 at 4). Plaintiff alleges that her doctor determined she was unable to return to work until May 27, 2015, and included such determination in plaintiff's medical leave paperwork. (ECF No. 10). Plaintiff thus maintains that "Defendant had a duty under the law to extend Lazazzaro medical leave of absence [past what was allowed under the Family Medical Leave Act ("FMLA")] until she was able to return to her job unless it would result in an indefinite leave of absence or it would cause an undue hardship to Defendant." (ECF No. 10 at 4 (alteration in original)).

"An employer discriminates against a qualified individual with a disability by 'not making reasonable accommodations to the ***known physical or mental limitations*** of an otherwise qualified individual with a disability who is an . . . employee.'" *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (quoting 42 U.S.C. § 12112(b)(5)(A)) (emphasis added). "[O]nce an employee requests an accommodation or an employer recognizes the employee needs an accommodation but the employee cannot request it because of a disability, the employer must engage in an interactive process with the employee to determine the appropriate reasonable accommodation." *Id.* (citing *Barnett v. U.S. Air, Inc.*, 228 F.3d 1105, 1112 (9th Cir.2000) (*en banc*), *vacated on other grounds*, *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002)). "An employee is not required to use any particular language when requesting an accommodation but

need only inform the employer of the need for an adjustment due to a medical condition." *Id.* (internal quotation marks and citation omitted).

In the present case, plaintiff fails to allege that she requested an accommodation or that defendant recognized plaintiff's need for, and inability to request, an accommodation so as to trigger defendant's duty to engage in an interactive process with plaintiff to determine the appropriate accommodation. While plaintiff alleges that defendant approved her medical leave under FMLA, she fails to allege that she needed or requested additional recovery time.

Further, the complaint is silent as to plaintiff's official return date as set forth in the FMLA approval paperwork, which defendants assert was May 15, 2015. Plaintiff merely alleges that she "assumed that [defendant] expected [her] back to work on May 27, 2015 as was indicated by her doctor in the FML paperwork" and that she was terminated because defendant failed to look to the ADA. (ECF No. 10 at 3).

In light of the foregoing, plaintiff has failed to sufficiently allege a prima facie case for disability discrimination and failure to accommodate under the ADA. The allegations set forth in the complaint do not support a reasonable inference that plaintiff was terminated because of her disability or that defendant's duty to engage in an interactive process was triggered. Accordingly, defendant's motion to dismiss will be granted without prejudice.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 11) be, and the same hereby is, GRANTED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff's second amended complaint (ECF No. 10) be, and the same hereby is, DISMISSED WITHOUT PREJUDICE.

DATED August 4, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 6 -